http://www.va.gov/vetapp16/Files4/1630475.txt

Citation Nr: 1630475 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 05-29 331 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico

THE ISSUE

Entitlement to service connection for residuals of right ankle injury.

REPRESENTATION

Appellant represented by: Vietnam Veterans of America

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Siobhan Brogdon, Counsel

INTRODUCTION

The Veteran served on active duty from August 1974 to August 1976. 

This appeal comes before the Department of Veterans Affairs (VA) Board of Veterans' Appeals (Board) from a November 2004 rating decision of the VA Regional Office (RO) in San Juan, Puerto Rico that, in pertinent part, denied service connection for a right ankle disability. 

The Veteran was afforded a hearing at the RO in November 2005. The transcript is of record. 

By decision in November 2013, the Board denied entitlement to service connection for a right ankle disorder. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In a February 2015 Joint Motion for Remand (Joint Motion), the Court remanded the appeal to the Board for additional development and consideration.

In July 2015, the Board remanded the matter for further development consistent with the February 2015 Joint Motion for Remand. 

Following review of the record, the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran asserts that he has residuals of in-service right ankle injury for which service connection should be granted. The record discloses that the facts of the case are not in dispute and have been outlined in detail in prior Board decisions, most recently in July 2015 and will not be repeated here. 

In their June 2016 Appellate Brief, the appellant and his representative maintain that a VA examination conducted in October 2015 pursuant to the Board's July 2015 remand did not refer to key evidence germane to the medical question at issue, as requested by the Board. The representative and the appellant find that this diminishes the probative value of the medical report such that a new examination is warranted. The Board points out, however, that following the October 2015 VA right ankle examination, the examiner stated that because the evaluation was completely negative for any pathology, it was determined that an opinion was unnecessary. 

Nevertheless, the Board finds that there is a questionable aspect of the October 2015 VA examination report that requires further inquiry. In this regard, it is noted that reference was made to the results of an X-ray of the right ankle in 2010 showing that the primary diagnostic code was "minor abnormality." There was no elaboration. Following the current examination, the examiner stated that X-rays performed in 1990 and 2010 were completely negative and that the Veteran had no pathology of the right ankle. These findings are inconsistent. The Board also notes that it does not appear that any X-rays of the right ankle have been performed since 2010, more than six years ago as of this writing. Therefore, the Board finds that another VA examination is indicated, to include more definitive diagnostic study, for clarification and to resolve any disparate findings.

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA orthopedic examination by an appropriate physician, preferably by one who has not seen him previously, to determine whether the appellant has a right ankle condition related to service. Access to the VBMS/Virtual VA file must be made available to the examiner. The examiner must be afforded a copy of this remand and asked to specifically review the Board's July 2015 remand in the record. The Veteran should be afforded X-rays and any other testing determined appropriate by the examiner. Clinical findings must be reported in detail. The nature of the minor abnormality noted on VA examination in October 2015 should be explained. Following examination, the examiner must render an opinion as to whether it is at least as likely as not the Veteran has any findings of the right ankle that relate back to symptoms in service and thereafter. A complete rationale must be provided for the opinion provided. 

2. After development requested above has been completed, the RO must review the examination report to ensure that it complies with the directives of this REMAND. If the report is insufficient or deficient in any manner, it must be corrected before returning the case to the Board.

3. After taking any further development deemed appropriate, readjudicate the claim. If the benefit is not granted, issue a supplemental statement of the case before returning the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other 

appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).